UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>PALANI BULL BEAR,<br><br>     Defendant. | 5:18-CR-50076-JLV<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS AND TO SEVER (DOC. 77) |

Pending is Defendant's Motion to Dismiss and to Sever (Doc. 77). Based on a careful consideration of counsel's written arguments, the Court respectfully makes the following:

**RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Dismiss and to Sever be denied.

**JURISDICTION**

Defendant is charged in a Superseding Indictment with Second Degree Murder in violation of 18 U.S.C. §§ 1111(a) and 1153; Discharge of a Firearm during the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); Assault with Intent to Commit Murder in violation of 18 U.S.C. §§ 113(a)(1), 1153, and 2; and Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153. (Doc. 48). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Chief Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

1

## FACTUAL BACKGROUND

Defendant filed the present Motion to Dismiss and Sever on October 9, 2019. (Doc. 77). Defendant's Motion to Dismiss argues the following: (A) 18 U.S.C. § 1153, the Major Crimes Act, under which Count I is charged, is infected and must be rendered invalid; (B) Count II fails to state an offense and is duplicitous; (C) Counts I and II invoke double jeopardy; (D) Count III fails to state an offense and is duplicitous; (E) Count III and IV invoke double jeopardy; and (F) Count IV and V are multiplicitous. Id. Defendant's Motion to Sever argues Counts I and II should be severed from Counts III, IV, and V. Id. The Government filed a response to Defendant's Motion to Dismiss and to Sever on October 24, 2019. (Doc. 81). In its response, the Government opposes all grounds asserted in Defendant's Motion. Id. Defendant filed a reply brief on November 15, 2019, in which he re-asserts his arguments from his original Motion. (Doc. 83). The Superseding Indictment charges Mr. Bull Bear as follows:

### Count I

On or about June 27, 2018, at Kyle, in Indian country, in the District of South Dakota, the defendant, Palani Bull Bear, an Indian person, did unlawfully and with malice aforethought kill Brycee Red Owl, by shooting him with a firearm, all in violation of 18 U.S.C. §§ 1111(a) and 1153.

### Count II

On or about June 27, 2018, at Kyle, in the District of South Dakota, the defendant, Palani Bull Bear, did knowingly carry and use a firearm, during and in relation to a crime of violence for which he could be prosecuted in a court of the Untied States, that is, Second Degree Murder, as charged in Count I, in violation of 18 U.S.C. §§

1111(a) and 1153, and did discharge the firearm during the offense, all in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

### Count III

On or about June 27, 2018, at Kyle, in the District of South Dakota, the defendant, Palani Bull Bear, did knowingly carry and use a firearm, during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, that is, Assault with the Intent to Commit Murder and Assault with a Dangerous Weapon, as charged in counts IV and V, in violation of 18 U.S.C. §§ 113(a)(1), 113(a)(3), and 1153, and did discharge the firearm during the offense, all in violation of 18 U.S.C. 924(c)(1)(A)(iii).

### Count IV

On or about June 27, 2018, at Kyle, in Indian country, in the District of South Dakota, the defendant, Palani Bull Bear, an Indian person, did unlawfully assault Tolin Gregg, with the intent to commit murder, by discharging a firearm at him, all in violation of 18 U.S.C. §§ 113(a)(1) and 1153.

### Count V

On or about June 27, 2018, at Kyle, in Indian country, in the District of South Dakota, the defendant, Palani Bull Bear, an Indian person, did unlawfully assault Tolin Gregg with a dangerous weapon, namely, a firearm, with the intent to do bodily harm, all in violation of 18 U.S.C. §§ 113(a)(3) and 1153.

(Doc. 48).

## DISCUSSION

**I.   Motion to Dismiss**

    **A.   18 U.S.C. § 1153, the Major Crimes Act, is not Invalid**

In his Motion to Dismiss and Sever, Mr. Bull Bear argues that the present, amended, version of 18 U.S.C. § 1153 ("The Major Crimes Act") is "infected and must be rendered invalid." (Doc. 77 at p. 1). Mr. Bull Bear vaguely cites to the historical and statutory notes regarding 18 U.S.C. § 1153

in support of his argument that the statute is uncertain in its present intent.[1] The Major Crimes Act presently reads as follows: "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder . . . shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."  18 U.S.C. § 1153(a).

It is unclear what legal issue Mr. Bull Bear asserts with the present wording of the Major Crimes Act.  The entirety of Mr. Bull Bear's argument on this point comprises one paragraph of his Motion to Dismiss and Sever.  (Doc. 77 at p. 1).  Mr. Bull Bear cites three Supreme Court cases in his one-paragraph argument, all of which discuss invalidity of statutory provisions, but none of which reference the Major Crimes Act or any of its predecessors.  Id. (citing United States v. Booker, 543 U.S. 220 (2005); City of Boerne v. Flores, 521 U.S. 507 (1997); N. Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)).

The Major Crimes Act is clear on its face that it permits the United States federal jurisdiction over Indian persons who commit any of the enumerated offenses, including murder.  The Superseding Indictment alleges "Palani Bull Bear, an Indian person, did unlawfully and with malice aforethought kill Brycee Red Owl, by shooting him with a firearm, all in violation of 18 U.S.C. §§ 1111(a) and 1153."  The offense charged in Count I coincides with the plain

---

[1] It is unclear as to what historical and statutory notes Defendant is specifically referencing, as none were cited, quoted, or attached to the brief.

4

language permitting federal jurisdiction in the Major Crimes Act. As to Defendant's argument that the statute itself should be rendered invalid, the Eighth Circuit has repeatedly upheld the Major Crimes Act. See, e.g., United States v. Eder, 836 F.2d 1145, 1147 (8th Cir. 1988) (citing 18 U.S.C. §§ 1111, 1153) ("Federal courts have subject matter jurisdiction over cases involving the murder of any person by an Indian within Indian country.").

Federal jurisdiction over Indian persons is a legal principle dating back to the 1800s in an attempt to balance the inherent sovereignties of the United States and Tribal governments. The Major Crimes Act was enacted in 1885 in response to Ex parte Crow Dog, 109 U.S. 556 (1883), and provides federal jurisdiction to certain enumerated crimes committed by an Indian person against another Indian person in Indian country. Since 1885, the Constitutionality of the Major Crimes Act has been consistently upheld in landmark Indian Law decisions by the Supreme Court. See, e.g., United States v. Kagama, 118 U.S. 375, (1886) (upholding the Major Crimes Act); United States v. Antelope, 430 U.S. 641 (1977) ("Congress has undoubted constitutional power to prescribe a criminal code applicable in Indian country."). As such, this court holds no authority to overrule federal statutory provisions which have been in place, and repeatedly upheld by this country's highest Court, for the preceding 133 years.

## B. Count II States an Offense and is not Duplicitous

Mr. Bull Bear next alleges that Count II "fails to state an offense and is duplicitous." (Doc. 77 at p. 2). Mr. Bull Bear's arguments contradict

5

themselves. "Duplicity occurs when distinct and separate offenses are joined together in the same count." United States v. Stegmeier, 701 F.3d 574, 581 (8th Cir. 2012) (internal citations omitted). A count in an indictment cannot simultaneously fail to state an offense and join together distinct and separate offenses. Even so, Count II properly states an offense. Count II of the Superseding Indictment charges Discharge of a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

### i. The Major Crimes Act Does Encompass the Offense Charged in Count II

First, Mr. Bull Bear argues that the Major Crimes act does not encompass the offense charged in Count II. Mr. Bull Bear cites to outdated authority on this issue, United States v. Eagle, 539 F.2d 1166 (8th Cir. 1976), for the proposition that the Major Crimes Act prevails over § 924(c). As the Government properly pointed out in their response, United States v. Goodface, 835 F.2d 1233 (8th Cir. 1987), is now the proper standard post-amendments to the Major Crimes Act. The Eighth Circuit in Goodface held, "As a result of these amendments, the concerns we voiced in Eagle regarding the unequal treatment of Indian defendants under sections 924(c) and 1153 no longer have force." Id. at p. 1238. As such, "section 924(c) is consistent with 18 U.S.C. § 1153." Id. at p. 1237.

Mr. Bull Bear cites to several additional cases in support of his first argument. First, he cites to Morton v. Mancari, 417 U.S. 535 (1874), which held a subsequent statute, the Equal Employment Opportunities Act of 1972, did not impliedly repeal employment preference for Indians in the Bureau of

6

Indian Affairs. In the present case, there is no assertion of a repeal by implication regarding the statute cited in Count II. The other cases cited, similarly, do not apply as Mr. Bull would assert.

Mr. Bull Bear next cites to United States v. Dion, 476 U.S. 734 (1986) for the proposition that clear evidence of congressional intent must be shown before a general statute can apply to an Indian person. Mr. Bull Bear misinterprets the holding in Dion. In Dion, the court held, "Congress' intention to abrogate Indian *treaty rights* [must] be clear and plain." Id. at p. 738 (emphasis added). Dion considered the balance of treaty rights regarding hunting as it conflicted with shooting bald eagles in violation of the Endangered Species Act. Here, Mr. Bull Bear makes no assertion, nor could he, that treaty rights permitted him the ability to discharge a firearm during the commission of a crime of violence.

Mr. Bull Bear further cites to United States v. Quiver, 241 U.S. 602 (1916), a case from 1916 which held adultery committed by one Indian with another Indian on an Indian reservation could not be prosecuted where enumeration of certain offenses in the Penal Code, as applicable to Indians on the reservations, carried an implication of purpose to exclude other offenses not enumerated in the Penal Code. Likewise, Quiver has been distinguished by the Eighth Circuit Court of Appeals. See United States v. Thunder Hawk, 127 F.3d 705 (8th Cir. 1997) (distinguishing Quiver by holding federal prosecution of "Indian versus Indian" crimes is permissible for crimes that have not been traditionally left to the exclusive jurisdiction of Indian tribes).

7

### ii. Count II is not Duplicitous

Second, Mr. Bull Bear argues Count II is duplicitous in that it "combines the offense of second degree murder with the offense of discharging a firearm during the commission of second degree murder." (Doc. 77 at p. 2). Count II does not combine these two offenses. Rather, Count II only charges Discharge of a Firearm During the Commission of a Crime of Violence. Count II properly puts Mr. Bull Bear on notice that the "crime of violence" alleged as an element of 18 U.S.C. § 924(c) is Second Degree Murder, as separately charged in Count I of the Superseding Indictment.

### iii. Count II Properly States an Offense Under Federal Law

Third, Mr. Bull Bear argues "there is no offense under federal law as that set forth under Count II." (Doc. 77 at p. 3). As noted *supra*, the offense charged in Count II is Discharge of a Firearm During the Commission of a Crime of Violence. The offense is properly derived from federal law, namely 18 U.S.C. § 924(c)(1)(A)(iii).

### iv. The Major Crimes Act is Valid, See *Supra* Section A

Fourth, Mr. Bull Bear relies on his previous argument that the Major Crimes Act itself is invalid, and therefore, by relying on the Major Crimes Act in Count II, Count II is also rendered invalid. The Court finds this argument without merit for the same reasons stated *supra*, in Section A. Additionally, a violation of § 924(c) is a statute of general applicability which does not rely on a Defendant's status as an Indian person, nor does it rely on the situs of the offense. See United States v. Wadena, 152 F.3d 831, 853 (8th Cir. 1998)

8

(permitting the federal government jurisdiction to prosecute a crime perpetrated by one Indian and another Indian, regardless of where the offense occurred, under federal criminal statute of general applicability).

### C. Counts I and II do not Invoke Double Jeopardy

Mr. Bull Bear argues that double jeopardy attaches because Count I alleges he caused the death of Mr. Red Owl "by shooting him with a firearm," while Count II alleges he "use[d] a firearm" in commission of Second Degree Murder. (Doc. 77 at p. 3). As such, Mr. Bull Bear's argument hinges on his assertion that "[a]s pled, the exact same evidence is required to prove both crimes: one person, one firearm, gun shot/discharged at victim, victim dies." Id.

The Double Jeopardy Clause of the Fifth Amendment provides that "no person shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Blockburger test sets out the applicable rule that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id. (internal quotation omitted). However, the "double jeopardy clause does not prevent multiple

9

punishments for the same offense where Congress has specifically authorized cumulative punishment under two statutes." United States v. Mills, 835 F.2d 1262, 1264 (8th Cir. 1987).

Cumulative punishment under 18 U.S.C. §§ 1111 and 924(c) is clearly authorized in the firearm statute itself:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (*including a crime of violence* or drug trafficking crime that provides for an *enhanced punishment* if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, *shall, in addition to the punishment provided for such crime of violence* or drug trafficking crime . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C § 924(c) (emphasis added).

Here, Mr. Bull Bear argues prosecution for Second Degree Murder and Discharge of a Firearm During the Commission of a Crime of Violence invoke double jeopardy. Although the elements of Discharge of a Firearm During the Commission of a Crime of Violence includes Second Degree murder as an element, 18 U.S.C. § 924(c) specifically authorizes this cumulative punishment, and therefore, does not invoke double jeopardy.

Second Degree Murder is clearly a crime of violence pursuant to the statute. See 18 U.S.C. § 924(3) ("For purposes of this subsection the term 'crime of violence' means an offense that is a felony and . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."). Second Degree

10

Murder can be effectuated by any number of means, but Congress has clearly permitted enhanced penalties for individuals who effectuate the crime by use of a firearm. As such, double jeopardy is not violated.

### D. Count III States an Offense and is not Duplicitous

Mr. Bull Bear alleges Count III is invalid for the same reasons as Count II. (Doc. 77 at p. 5). Count III properly charges only one offense, derived from generally applicable federal law, that is, Discharge of a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Mr. Bull Bear's argument as it pertains to Count III is without merit for the same reasons listed *supra* in Section B.

### E. Counts III and IV do not Invoke Double Jeopardy

Mr. Bull Bear argues that double jeopardy attaches to Counts III and IV, because "the same evidence proves both offenses." (Doc. 77 at p. 5). Mr. Bull Bear further argues Count IV is a lesser included offense of Count III and conviction on both is prohibited by the doctrine of collateral estoppel. Id. at p. 6. The double jeopardy and collateral estoppel arguments fail for the same reasons stated by this court, *supra,* in Section C. Mills specifically denied the notion of double jeopardy regarding a conviction under 18 U.S.C. § 924(c) and 18 U.S.C. § 113, such as those charged against Mr. Bull Bear in Counts III and IV, respectively. United States v. Mills, 835 F.2d at 1264 (holding "[c]umulative punishment under 18 U.S.C. §§ 113(c) and 924 (c) is clearly authorized in the firearm statute itself").

### F. Counts IV and V are not Multiplicitous

Defendant argues the indictment is multiplicitous because it charges assault with intent to commit murder in violation of 18 U.S.C. §113(a)(1) and assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). (Doc. 77 at p. 6-7). "An indictment is multiplicitous if it charges the same crime in two counts." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005). "A multiplicitous indictment is impermissible because 'the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the Fifth Amendment.'" United States v. Sandstrom, 594 F.3d 634, 651–52 (8th Cir. 2010) (quoting Chipps, 410 F.3d at 447)). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." United States v. Two Elk, 536 F.3d 890, 898 (8th Cir. 2008) (internal quotation omitted).

The Eighth Circuit has already considered a similar issue, holding that indictments charging assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3) and assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) are not multiplicitous. United States v. Eagle, 586 F.2d 1193, 1196–97 (8th Cir. 1978). The offenses of assault with a dangerous weapon and assault resulting in serious bodily injury are "different as a matter of law" because each requires proof of a fact which the other does not. Eagle, 586 F.2d at 1196 (citing Blockburger, 284 U.S. at (1932)).

Similarly, the offenses of assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1) and assault with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3) each require proof of an additional element, and are, therefore, not multiplicitous.  For example, assault with intent to commit murder requires proof of assault with the specific intent to commit murder.  Assault with intent to do bodily harm does not require this element.  Contrary, assault with intent to do bodily harm requires the defendant to have used a dangerous weapon.  Assault with intent to commit murder does not require proof of use of a dangerous weapon.  See Eighth Circuit Committee on Model Criminal Jury Instructions, Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2017).  Mr. Bull Bear has failed to show that Counts IV and V are in law and fact the same offense.  As such, Counts IV and V are not multiplicitous.

## II.     Motion to Sever

### A.     Legal Standard for a Motion to Sever

Federal Rule of Criminal Procedure 8(a) provides: "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  "The joinder of offenses pursuant to Rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or

13

more acts or transactions connected together or constituting parts of a common scheme or plan." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984). "Joinder of offenses is proper where the . . . counts refer to the same type of offenses . . . and the evidence as to [the] counts overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

The Eighth Circuit has held Rule 8(a) is "broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (internal citations omitted). The rules regarding joinder and severance are "designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 132, 88 S. Ct. 1620, 1625, 20 L. Ed. 2d 476 (1968) (internal quotation omitted).

Severance under Federal Rule of Criminal Procedure 14(a) provides, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." In other words, "[e]ven if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges." United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011).

"Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial . .

14

. ." Id. at 625-26 (internal citation omitted). "[T]here is a strong presumption against severing properly joined counts . . . [and] [t]he defendant bears the burden of establishing prejudice." Id. at 626. "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Rodgers, 732 F.2d at 630 (internal citation omitted).

### B. Counts I and II Should not be Severed in the Superseding Indictment from Counts III, IV, and V

Mr. Bull Bear asserts Counts I and II should be severed from Counts III, IV, and V. (Doc. 77 at p. 7-8). In support of his Motion, Mr. Bull Bear addresses the fact that Counts I and II involve the death of Brycee Red Owl, while Counts III, IV, and V involve an assault upon Tolin Gregg. First, Mr. Bull Bear argues he desires to testify on Counts I and II, but not testify on Counts III, IV, and V. Second, Mr. Bull Bear argues a jury will use evidence on Counts III, IV, and V as proof he is guilty on Counts I and II. The Government opposes the Motion in all respects. (Doc. 81).

#### i. Mr. Bull Bear has not met his Burden Regarding his First Argument in Support of Severance

As it pertains to Mr. Bull Bear's first argument, he argues he desires to testify on the "most serious of the charges" in Counts I and II, but not on the "less serious assault charges in Counts III, IV, and V." (Doc. 77 at p. 7). "[S]everance of counts [is required] only when a defendant has made a convincing showing that he has both important testimony to give concerning

15

one count and strong need to refrain from testifying on the other." United States v. Jardan, 552 F.2d 216, 220 (8th Cir. 1977) (internal quotation omitted). "In making such a showing, it is essential that the defendant present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine and to enable [the court] intelligently to weigh the considerations of 'economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.'" Id. (internal citation omitted). A defendant does not satisfy this burden by simply suggesting he may want to testify on one count, but not another. Jardan, 552 F.2d at 220.

Here, Mr. Bull Bear provides absolutely no proffer regarding the nature of his testimony as to Counts I and II, nor has he provided any reason why he would wish to testify as to the second degree murder charge, but not on the assault charge. In fact, Mr. Bull Bear only states, "[i]t is not necessary to detail the reasons for this decision." That stance is directly contrary to case law of the Eighth Circuit. See United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988) (emphasis added) ("In order to gain a severance, a defendant must make a persuasive and *detailed* showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts."). Accordingly, Mr. Bull Bear has not met his burden under his first argument for severance.

### ii. Mr. Bull Bear has not met his Burden Regarding his Second Argument in Support of Severance

As it pertains to Mr. Bull Bear's second argument, he argues a jury will use evidence on Counts III, IV, and V as proof he is guilty on Counts I and II. "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation omitted). Again, Mr. Bull Bear provides no factual support for his argument. He merely states, "if the counts are all tried together, a jury will obviously use evidence on either set to prove the offenses set forth in the other set and cumulate the evidence. . . ." (Doc. 83 at p. 4).

However, severance is not an automatic remedy where prejudice can be minimized or eliminated by other means. "In lieu of a severance, the court may assist jurors in compartmentalizing the evidence by giving cautionary instructions." United States v. Steele, No. CR 07-10004 (01), 2007 WL 3142815, at *4 (D.S.D. Oct. 22, 2007) (citing United States v. Boone, 437 F.3d 829, 838 (8th Cir.2006) (noting the risk of spillover is best cured through cautionary instructions)). "Even a general instruction reminding jurors that they must consider each count and each defendant separately may be sufficient to avoid a severance. Steele, No. CR 07-10004 (01), 2007 WL 3142815, at *4 (citing Zafiro v. United States, 506 U.S. 334, 539 (1993)). "[A] joint trial gives the jury the best perspective on all of the evidence and therefore

increases the likelihood of a correct outcome." United States v. Darden, 70 F.3d 1507, 1528 (8th Cir.1995).

Like in Steele, the defendant has not overcome the strong presumption against severing properly joined counts. The court in Steele noted the defendant may be "somewhat prejudiced by trying all of these counts together" but held that prejudice could "be mitigated or eliminated by giving the jury cautionary instructions." United States v. Steele, No. CR 07-10004 (01), 2007 WL 3142815, at *4 (D.S.D. Oct. 22, 2007). Of importance, Steele involved a case where the defendant was charged with ten related assault offenses alleged to have occurred within *twenty-one months of each other*. Id. at *1 (emphasis added).

Here, Mr. Bull Bear is charged with five counts, all stemming from the *same* alleged criminal transaction. This factor weighs even heavier in the present case than it did in Steele in favor of judicial economy and joinder of counts. Furthermore, it is not thought enough "that the proof on one count is stronger than that on the other, and that the jury may be induced to convict a defendant on the weaker count because it is swayed by proof adduced to support the stronger count." Id. at *3 (internal quotation omitted). Accordingly, the benefit of a joint trial of charges is not outweighed by a clear likelihood of prejudice.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss and to Sever (Doc. 77) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 9th day of December, 2019.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge