UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  vs.<br><br>PALANI BULL BEAR,<br><br>                  Defendant. | CR. 18-50076-JLV<br><br>ORDER |

**INTRODUCTION**

A grand jury indicted defendant Palani Bull Bear on charges of second degree murder, discharge of a firearm during a crime of violence, assault with intent to commit murder, and assault with a dangerous weapon. (Docket 48). The charges stem from a shooting in Kyle, South Dakota, on June 27, 2018, that killed Brycee Red Owl. Id. Pending before the court are defendant's motions to dismiss the indictment and to sever counts for trial. (Docket 77). The government opposes the motions. (Docket 81).

The motions were referred to Magistrate Judge Daneta Wollmann for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's April 1, 2018, standing order. The magistrate judge issued a report and recommendation ("R&R") concluding defendant's motions should be denied. (Docket 84). Defendant timely objected to the R&R. (Docket 84).

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and

recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. For the reasons given below, the court overrules defendant's objections in part and grants them in part. The court adopts the R&R in part and rejects it in part.

I.  **Defendant's Objections**

Defendant's objections are largely a verbatim restatement of his original motion to dismiss. Compare Docket 77 with Docket 85. Referring pretrial motions to a magistrate judge is intended to provide the court with the benefit of the magistrate judge's legal analysis and narrow the scope of any issues remaining for resolution. A party may object to each conclusion reached in an R&R and obtain de novo review, but objections must specifically engage with the R&R's factual and legal findings. Converting the original motion into objections to an R&R—thereby virtually ignoring the magistrate judge's analysis—circumvents the purpose of the Federal Magistrate Act. Defense counsel is warned this practice is disfavored. Future objections of this nature may be summarily overruled. See Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990) ("[O]bjections must be . . . *specific* to trigger de novo review[.]") (emphasis added).

As summarized by the court, defendant's objections argue:

1. Amendments to the Major Crimes Act, 18 U.S.C. § 1153, invalidated the statute. (Docket 85 at p. 2).

2. Counts II and III of the indictment, charging defendant with discharge of a firearm during a crime of violence, fail to state an offense and are duplicitous. Id. at pp. 2-4, 6.

3. The following pairs of charges are multiplicitous:

   - Counts I and II of the indictment, charging second degree murder and discharging a firearm during a crime of violence. Id. at pp. 5-6.

   - Counts III and IV, charging discharge of a firearm during a crime of violence and assault with intent to commit murder. Id. at pp. 6-7.

   - Counts IV and V, charging assault with intent to commit murder and assault with a dangerous weapon. Id. at pp. 7-8.

4. Counts I and II should be severed from counts III, IV, and V. Id. at p. 8.

The court sustains defendant's multiplicity objection as to Counts IV and V and overrules all other objections.

## II. Analysis

The court made factual findings concerning this case in a previous order. (Docket 72 at pp. 3-7). The court refers to those facts as necessary in this order.

### A. Major Crimes Act

Defendant argues amendments enacted in the 1980s rendered the Major Crimes Act, which extends federal jurisdiction over enumerated intratribal criminal offenses occurring in Indian country, unconstitutionally vague. He

3

points to "historical and statutory notes" appearing in the Thomson Reuters annotated version of the United States Code as evidence of the statute's vagueness. (Docket 85-1). The notes document some confusion created by three 1986 amendments and a 1988 amendment. The court rejects defendant's argument.

On May 15, 1986, Congress made technical amendments to the Major Crimes Act by striking the former second and third paragraphs of subsection (a) and moving the content into a new subsection (b). Act of May 15, 1986, Pub. L. 99-303, 100 Sta. 438. No substantive change was made. On November 10, 1986, Congress amended § 1153(a) by replacing a list of sexual offenses with a reference to chapter 109A of title 18. Act of Nov. 10, 1986, Pub. L. 99-646, § 87(c)(5), 100 Stat. 3592, 3623. The amendment was part of a larger bill making "minor or technical" changes to the federal criminal code. Id. at 100 Stat. 3592. Congress made the same change again on November 14 in a standalone act. Sexual Abuse Act of 1986, Pub. L. 99-654, § 3(a)(5), 100 Stat. 3660, 3663.

Thomson Reuters' editors noted in their historical and statutory commentary that Congress did not specifically state which subsections of § 1153 it intended to amend in these bills. The editors noted the amendments had to be made to the first paragraph of subsection (a) because the second and third paragraphs were moved to subsection (b). (Docket 85-1). They made the amendments in subsection (a) to give effect to "the probable intent of Congress[.]"

4

Id. Defendant focuses on the word "probable" and the editors' reference to the moved paragraphs to argue the statute is impermissibly vague. See Docket 85 at p. 2 ("One guess is as good as another as to what the statute means.").

This argument is frivolous. The Major Crimes Act is perfectly clear on its face. See Beckles v. United States, 137 S. Ct. 886, 892 (2017) (describing "void for vagueness" doctrine as requiring penal statutes "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited[.]") It subjects "[a]ny Indian who commits against the person . . . of another Indian . . . murder . . . within the Indian country" to federal criminal jurisdiction.[1] 18 U.S.C. § 1153(a). The amendments defendant complains of were technical in nature and did not render the statute's text vague. The Thomson Reuters' editors' comments merely referred to their efforts to properly locate the amended text.

The court overrules the objection and affirms the R&R as adopted by this section.

**B.    Counts II & III**

Defendant next asserts Counts II and III fail to state an offense and are duplicitous. (Docket 85 at pp. 2-4, 6). He argues there is no evidence Congress intended 18 U.S.C. § 924(c)(1)(A)(iii)—which forbids discharging a firearm during

---

[1]The Major Crimes Act is better characterized as a jurisdictional rather than penal statue because it does not independently proscribe any specific conduct, but instead brings certain offenses under federal jurisdiction. But because the Act is inextricable from Indian country criminal offenses, the court analyzes it as if it were a penal statute for purposes of defendant's motion.

5

a crime of violence—to apply in Indian country. Id. at p. 3. In defendant's view, lack of this evidence deprives the court of jurisdiction under the Major Crimes Act to adjudicate the charged offenses. He also asserts each offense impermissibly charges multiple offenses in a single count because the government must prove the underlying crimes of violence. Id. at pp. 3-4. These arguments are unavailing.

Precedent from the United States Court of Appeals for the Eighth Circuit requires the court to reject defendant's first argument.

> [F]ederal courts may enforce general federal criminal laws against *all* persons, including Indians within Indian country. Federal statutes of general applicability, those in which situs of the offense is not an element of the crime, are not encompassed within the Indian Country Crimes Act. As a result, the Indian–against–Indian exception contained in the Indian Country Crimes Act does not apply to federal criminal laws of general applicability.

United States v. Wadena, 152 F.3d 831, 841 (8th Cir. 1998) (emphasis in original).[2] Section 924(c)(1)(A)(iii), the offense charged in Counts II and III, is a federal law of general applicability independent of the court's Indian country jurisdiction. Accordingly, the court has subject matter jurisdiction over Counts II and III. See also United States v. Goodface, 835 F.2d 1233, 1238 (8th Cir. 1987) ("[A] section 924(c) prosecution is available where the underlying felony is based on . . . [§] 1153.").

---

[2]The Indian Country Crimes Act exempts "offenses committed by one Indian against the person . . . of another Indian" from federal jurisdiction. 18 U.S.C. § 1152.

6

Defendant's duplicity argument fares no better. "Duplicity is the joining in a single count of two or more distinct and separate offenses. The problem with a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." United States v. Paul, 885 F.3d 1099, 1104 (8th Cir. 2018) (internal quotations and citations omitted). The offenses charged in Counts II and III require the government to prove beyond a reasonable doubt that defendant committed federal crimes of violence. 18 U.S.C. § 924(c)(1)(A)(iii). The indictment identifies these crimes of violence as second degree murder of Brycee Red Owl for Count II and assault with intent to commit murder of Tolin Gregg for Count III. (Docket 48). The crimes of violence are also separately charged. Id.

Counts II and III do not contain multiple offenses. Rather, the commission of another crime is an element of the § 924(c) violations charged in each count. The government must separately prove that defendant committed the underlying crimes of violence. The jury will not be faced with multiple possible theories of conviction, creating a risk of a non-unanimous verdict. In fact, the court's instructions to the jury will specifically require them to agree unanimously on each element of the § 924(c) offenses, including the commission of the specified crime of violence. Finally, the crimes of violence are separately charged, completely removing any risk of duplicity. The jury will be able to agree unanimously on a verdict as to the crimes of violence, which will necessarily inform their verdict on the § 924(c) offenses.

7

Counts II and III state cognizable offenses over which the court has subject matter jurisdiction and are not duplicitous. Defendant's objections are overruled and the R&R is adopted as modified by this section.

**C.     Double jeopardy**

Defendant argues three sets of charges are multiplicitous. (Docket 85 at pp. 5-8). He also asserts the doctrine of collateral estoppel, incorporated by the Double Jeopardy Clause, bars two sets of charges from being tried at the same time. Id. at pp. 5-7. The court agrees that one set of charges are multiplicitous, but rejects defendant's other arguments.

The multiplicity doctrine bars prosecution of crimes that violate the Double Jeopardy Clause.

> An indictment is multiplicitous if it charges the same crime in two counts. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. Unless the two offenses each contain an element not found in the other, they are the same offense and double jeopardy bars additional punishment.

United States v. Bernhardt, 903 F.3d 818, 825 (8th Cir. 2018) (internal quotations and citations omitted). To show multiplicity, "a defendant must show that the two offenses charged are in law and fact the same offense." United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005) (internal quotation omitted).

Collateral estoppel—which holds "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be

8

litigated between the same parties in any future lawsuit"—is "an established rule of federal criminal law," incorporated by the Double Jeopardy Clause.  Ashe v. Swenson, 397 U.S. 436, 443-46 (1970).  As a result, "the Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial."  Yeager v. United States, 557 U.S. 110, 119 (2009).

The absence of a prior proceeding resolves defendant's collateral estoppel argument.  Defendant has not been prosecuted for any offense related to the June 27, 2018, shooting before the present charges.  No facts have been decided by a jury.  There being no prior proceeding which would preclude the present prosecution, the doctrine of collateral estoppel does not apply.

The court next turns to defendant's multiplicity challenge.  Defendant asserts three sets of charges—Counts I and II, III and IV, and IV and V—are multiplicitous.  The first two sets of charges are not multiplicitous because each offense in those sets contains unique elements.  However, Counts IV and V charge the same offense and cannot be prosecuted together.

Counts I and II charge second degree murder and discharge of a firearm during a crime of violence, both stemming from the death of Brycee Red Owl. (Docket 48 at pp. 1-2).  The elements of second degree murder in this case are: 1. defendant unlawfully killed Mr. Red Owl; 2. defendant acted with malice aforethought; and 3. defendant is an Indian and the offense took place in Indian country.  See United States v. Cottier, 908 F.3d 1141, 1146 (8th Cir. 2018)

9

(citing 18 U.S.C. § 1111).  The elements of discharge of a firearm during a crime of violence charged in Count II are: 1. defendant committed second degree murder; 2. defendant used or carried a firearm during and in relation to the second degree murder; and 3. defendant discharged the firearm during the second degree murder.  See United States v. Littlewind, 595 F.3d 876, 884 (8th Cir. 2010) (citing 18 U.S.C. § 924(c)(1)(A)(iii)).  The offenses are not identical: second degree murder requires proof of homicide, while discharge of a firearm during a crime of violence requires use and discharge of a firearm, among other differences.  Because each offense requires proof of an element the other does not, the charges are not multiplicitous.

Counts III and IV charge discharge of a firearm during a crime of violence and assault with the intent to commit murder, arising from Tolin Gregg's presence at the shooting.  (Docket 48 at p. 2).  For purposes of this multiplicity analysis, the elements of discharge of a firearm during a crime of violence as set forth above are adjusted to reflect the different crimes of violence: assault with the intent to commit murder and assault with a dangerous weapon, charged in Counts IV and V.  Id.  The elements of assault with intent to commit murder, as applied to this case, are: 1. defendant unlawfully assaulted Mr. Gregg; 2. defendant had the specific intent to murder Mr. Gregg during the assault; and 3. defendant is an Indian and the offense took place in Indian country.  See 8th Cir. Model. Crim. Jury Instructions § 6.18.113(1).  Discharge of a firearm during a crime of violence requires use and discharge of a firearm, while assault with

10

intent to commit murder requires proof of assault and intent to commit murder. The charges are not multiplicitous.

Counts IV and V charge assault with intent to commit murder and assault with a dangerous weapon relating to the alleged attack on Mr. Gregg. (Docket 48 at p. 2). The elements of assault with intent to commit murder are stated above. The elements of assault with a dangerous weapon are: 1. defendant unlawfully assaulted Mr. Gregg; 2. defendant used a dangerous weapon during the assault; 3. defendant had the specific intent to cause bodily harm during the assault; and 4. defendant is an Indian and the offense occurred in Indian country. See United States v. Herron, 539 F.3d 881, 886 (8th Cir. 2008) (citing 18 U.S.C. § 113(a)(3)).

The offense of assault with intent to commit murder requires proof of the unique element of murderous intent. But assault with a dangerous weapon contains no unique element, at least on the facts of this case. The ostensible unique element would be the use of a dangerous weapon, which is not explicitly required in the offense of assault with intent to commit murder. However, the same conduct, shooting a firearm at Mr. Gregg, forms the basis for both charges. See Docket 81 at pp. 1-3 (government's description of facts of shooting); Docket 48 at p. 2 (charging defendant with assaulting Mr. Gregg with a firearm). A firearm is also undoubtedly a dangerous weapon. See United States v. Spotted Horse, 916 F.3d 686, 690 (8th Cir. 2019) (approving definition of dangerous weapon as "any object capable of being readily used . . . to inflict bodily injury.")

11

(internal quotation omitted). The government cannot prove defendant assaulted Mr. Gregg with murderous intent without also proving he committed the assault with a firearm. The facts of this case collapse the distinction between the separate charges.³

The court finds Counts IV and V charge "in law and fact the same offense." Roy, 408 F.3d at 491. The Double Jeopardy Clause bars prosecution of these two counts together. The government must elect on which count it intends to proceed to trial and file notice of its decision within two weeks of the date of this order. The court sustains defendant's objection as to the multiplicity of Counts IV and V and rejects the R&R's contrary conclusion. Defendant's other double jeopardy objections are overruled and the R&R is adopted on those points as modified by this section.

**D.    Severance**

Defendant's final argument is that Counts I and II, pertaining to the death of Mr. Red Owl, should be severed from Counts III – V, pertaining to the alleged assault of Mr. Gregg. (Docket 85 at p. 8). He asserts he has a specific need to testify on the Red Owl counts, but does not wish to testify on the Gregg counts. Id. Defendant also argues, as "a matter of common sense," the jury will

---

³It is theoretically possible that a murderous intent assault could be committed without the use of a dangerous weapon, despite the generally broad definition of dangerous weapon used by federal courts. See United States v. Rocha, 598 F.3d 1144, 1157 (9th Cir. 2010) (reversing dangerous weapon assault conviction based on use of hands). But the facts of this case do not present any ambiguity about the nature of the assault weapon.

12

cumulate the evidence on the separate counts against him.  Id.  The court declines to sever the counts.

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8."  United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995).  "Under Rule 8, multiple counts can be charged in a single indictment as long as the offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) constitute parts of a common scheme or plan."  United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011) (citations omitted).  "The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true."  United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (internal citations omitted), overruled on other grounds by United States v. Inadi, 475 U.S. 387 (1986).  "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14.  These rules are to be 'liberally construed in favor of joinder.' " Id. (quoting United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)).

"Under Rule 14, a district court may sever [counts] if it appears that a defendant is prejudiced by a joinder of offenses[.]"  Darden, 70 F.3d at 1527 (internal quotation marks and brackets omitted).  "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial."  Id. (citations omitted).  "Severe prejudice occurs when a defendant is deprived of an

13

appreciable chance for an acquittal, a chance that the defendant would have had in a severed trial. There is a strong presumption against severing properly joined counts." Garrett, 648 F.3d at 625-26 (internal quotations and citations omitted).

Joinder of the Red Owl and Gregg counts is proper.[4] As alleged in the indictment, the killing of Mr. Red Owl and the assault of Mr. Gregg took place on the same day and in the same location. (Docket 48). Evidence from defendant's motion to suppress indicates that the charges stem from the same incident: defendant's alleged shooting at both Mr. Red Owl and Mr. Gregg on the evening of June 27, 2018, in Kyle, South Dakota. (Docket 72 at pp. 3-4). The charges are all based on the "same act or transaction" and are thus properly joined. Garrett, 648 F.3d at 625.

Defendant did not show any prejudice sufficient to overcome the "strong presumption" against severance. Id. at 626. He first asserts he wishes to testify on the Red Owl counts "because the alleged victim is deceased[.]" (Docket 85 at p. 8). Mr. Gregg, however, "is still living and defendant is confident that his testimony will establish by its own the self defense" on the Gregg counts. Id. The gist of defendant's objection appears to be that his testimony will be necessary to argue self-defense on the Red Owl counts, while that need is not present for the Gregg counts.

---

[4]Defendant does not appear to contest that joinder is proper.

"Prejudice sufficient to require separate trials" on the basis of a defendant's desire to testify on some but not all counts "may be established only by a persuasive and detailed showing regarding the testimony that the defendant would give on the one count he wishes severed and the reason he cannot testify on the other counts."  Closs v. Leapley, 18 F.3d 574, 578 (8th Cir. 1994); see also United States v. Little Dog, 398 F.3d 1032, 1038 (8th Cir. 2005).  The court appreciates that defendant wishes to testify on the Red Owl counts in order to make a self-defense argument at trial.  But he made no showing at all of the reasons he cannot testify on the Gregg counts.  His argument that Mr. Gregg's testimony will establish self-defense on its own is insufficient; it merely shows defendant's testimony on the Gregg counts would be unnecessary, not prejudicial or impossible.

Defendant next argues the jury will cumulate evidence from the two sets of charges against him.  (Docket 85 at p. 8).  In support of this argument, defendant merely states it is "a matter of common sense[.]"  Id.  The court rejects this argument.  Assuming prejudice would result from trying the two sets of charges together, "the risk of undue prejudice is best cured through cautionary instructions[.]"  United States v. Boone, 437 F.3d 829, 838 (8th Cir. 2006).  The court will instruct the jury to consider each count separately.

Defendant showed no prejudice from a trial of all counts sufficient to overcome the presumption against severance.  The court overrules his objection and affirms the R&R as modified by this section.

**ORDER**

For the reasons given above, it is

ORDERED that defendant's objections to the report and recommendation (Docket 85) are overruled in part and sustained in part.

IT IS FURTHER ORDERED that the report and recommendation (Docket 84) is adopted in part, as modified by this order, and rejected in part.

IT IS FURTHER ORDERED that defendant's motion to dismiss and sever (Docket 77) is granted in part and denied in part.

IT IS FURTHER ORDERED that the government shall notify the court within two weeks of the date of this order whether it intends to proceed to trial on Count IV or Count V of the superseding indictment (Docket 48).

IT IS FURTHER ORDERED that a scheduling order shall issue.

Dated January 27, 2020.

> BY THE COURT:
>
> /s/ *Jeffrey L. Viken*
> JEFFREY L. VIKEN
> UNITED STATES DISTRICT JUDGE